UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-1298-JFW (JCx)**                                Date:  March 18, 2013

Title:   Betty Bogar  -v- PNC Mortgage, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                None Present
   Courtroom Deputy                          Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                                           None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

   On January 31, 2013, Plaintiff Betty Bogar ("Plaintiff") filed a Complaint against Defendants PNC Mortgage, a division of PNC Bank, N.A. and Cal-Western Reconveyance Corporation in Los Angeles County Superior Court.  On February 19, 2013, Defendant Cal-Western Reconveyance Corporation filed a Declaration of Non-Monetary Status.  On February 21, 2013, Defendant PNC Bank, N.A. ("PNC") filed a Notice of Removal of Action Under 28 U.S.C. § 1441 ("Notice of Removal"), alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant PNC bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of

---

   [1]Although PNC erroneously cites to 28 U.S.C. § 1331 in paragraph 3 of its Notice of Removal, it is clear that PNC is removing pursuant to 28 U.S.C. § 1332(a).

different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. Defendant PNC has failed to demonstrate that the parties are completely diverse, as both Plaintiff and Defendant Cal-Western Reconveyance Corporation are citizens of California.

Defendant PNC argues in its Notice of Removal that Defendant Cal-Western Reconveyance Corporation is a "no longer a party to this matter, or is a nominal party to this matter, because on February 19, 2013, it filed and served a declaration of non-monetary status pursuant to California Civil Code § 2924l." Notice of Removal at ¶ 3(b). However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." *Sun v. Bank of America Corporation*, 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010); *see also Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428, *3 (June 14, 2012) (holding that party's citizenship could not be disregarded for purposes of determining whether the plaintiffs and the defendants were completely diverse where notice of removal was filed 14 days after declaration of non-monetary status had been filed in state court). In this case, Defendant PNC filed its Notice of Removal only two days after Defendant Cal-Western Reconveyance Corporation filed its Declaration of Non-Monetary Status. Accordingly, Defendant Cal-Western Reconveyance Corporation had not yet attained nominal status at the time of removal, and the Court cannot disregard Defendant Cal-Western Reconveyance Corporation's citizenship.

For the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.